# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEADFAST INSURANCE CO., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-17-CV-1222-XR |
| | § | |
| FROST BANK, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered the status of this case. On April 24, 2018, this Court granted the Joint Motion to Extend Deadlines and to Enforce Arbitration Agreement, ordered the parties to proceed to arbitration, and ordered the parties to submit their briefing on whether the case should be stayed or dismissed pending arbitration. Thereafter, Plaintiff timely filed its Opposed Motion to Stay Pending Arbitration (docket no. 9). After careful consideration, the Court grants the motion.

Plaintiff Steadfast Insurance Company filed this lawsuit on November 30, 2017, asserting claims for breach of contract and impairment of subrogation rights. Defendant Frost Bank answered on March 26, 2018. On April 24, 2018, the parties filed a Joint Motion to Enforce Arbitration Agreement, noting that the insurance policy provides that any dispute, controversy, or claim arising out of, or relating to, or in connection with the insurance policy would be settled by arbitration. The parties agreed that all claims were subject to arbitration, but they disagreed as to whether the case should be stayed or dismissed pending completion of the arbitration. Steadfast seeks a stay, while Frost Bank contends that dismissal is appropriate.

Defendant Frost Bank cites to *Alford v. Dean Witter Reynolds, Inc*., 975 F.2d 1161 (5th Cir. 1992), in which the Fifth Circuit acknowledged that the FAA states that the "court shall stay the trial of the action until the arbitration is complete," but held that this rule was not intended to prohibit dismissal of a case in the proper circumstance. *Id*. at 1164. The Court held that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Id.* In such circumstances, the Court reasoned, "retaining jurisdiction and staying the action will serve no purpose." *Id*. Thus, the Court held that the district court acted within its discretion when it dismissed the case. *Id.*

However, Steadfast cites to *Fonseca v. USG Insurance Services, Inc.*, 467 F. App'x 260, 261 (5th Cir. 2012), an opinion affirming a grant of summary judgment based on limitations after an arbitration failed to reach a conclusion. The plaintiff had filed a demand for arbitration, but the AAA later declined to serve as arbitrator because the defendant failed to pay the required fees, and the plaintiff then filed suit beyond the limitations period. The plaintiff argued that the statute of limitations should have been tolled during the period that the AAA considered her arbitration demand. The Court disagreed, noting that a demand for arbitration does not toll the statute of limitations and reasoned that the plaintiff "could have (and should have) filed her suit within the statute of limitations and, thereafter, sought a stay of the action pending arbitration." Such a course, the Court noted, "would have guaranteed that the lawsuit was brought within the limitations period without waiving any right to arbitration which may have existed." *Id.*

Steadfast further notes that Judge Sparks of the Western District has followed *Fonseca*

and stayed a case based on the plaintiffs' concern "that if arbitration does not proceed for any reason, the allowable time to file suit possibly will have passed." *Valdez v. Tex. Taco Cabana, L.P.*, No. A-14-CA-389-SS, 2014 WL 2980270, at *2 (W.D. Tex. July 1, 2014). Although the plaintiffs admitted the risk was slight, they asserted it was tangible and would divest them of any forum in which to seek redress. Judge Sparks stayed the case, as was within his discretion, and required periodic status reports.

Frost Bank contends that it is unclear what unforeseen events Steadfast anticipates that might thwart the arbitration and that Steadfast "is not entitled to maintain multiple actions in an attempt to hedge against its own delay or error it might have committed in prosecuting its alleged causes of action" and should not have waited until the eleventh hour to file suit. In reply, Steadfast notes that there is no mandate to dismiss, the Court has discretion to enter a stay instead when limitations is a concern, as endorsed by the Fifth Circuit in *Fonseca*, and there is no prejudice to Frost Bank.

Following *Fonseca*, the Court will exercise its discretion to stay this case to preserve a forum for redress in the event that the arbitration fails to resolve the claims. Although both parties agree that it is unlikely that the arbitration will fail to resolve the claims, *Fonseca* indicates that a plaintiff may properly request a stay to address such concerns.

The Court will GRANT Steadfast's motion to stay this case pending arbitration (docket no. 9). However, rather than a general stay, the Court finds that this case is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as

where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .")); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006). The Clerk shall administratively close this case. The case may be reopened upon the motion of any party or upon the Court's own motion.

<u>Steadfast shall file a status report every 90 days beginning November 1, 2018, and will promptly notify the Court upon the completion of the arbitration.</u>

It is so ORDERED.

SIGNED this 14th day of August, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE